IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GEORGE L. ROSAS | § | |
|     TDCJ-CID #711998 | § | |
| V. | § | C.A. NO. C-05-102 |
| | § | |
| PATSY PEREZ, ET AL. | § | |

**ORDER DENYING PLAINTIFF'S**
**MOTIONS TO AMEND COMPLAINT**

This is a civil rights action filed by a Texas state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff seeks leave to amend his complaint to add claims of conspiracy and retaliation against two John Doe defendants. (D.E. 18). In addition, plaintiff seeks leave to amend his complaint to sue defendant Patsy Perez in her official capacity for injunctive relief. (D.E. 28).

**I. Discussion**

Rule 15(a) of the Federal Rules of Civil Procedure mandates that leave to amend "be freely given when justice so requires." Determining when justice requires permission to amend rests within the discretion of the trial court. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971); Nilsen v. City of Moss Point, Miss., 621 F.2d 117, 122 (5th Cir. 1980). In exercising its discretion in considering a motion to amend a complaint, the district court may consider, among other factors, undue delay, dilatory motive on the part of the movant, and undue prejudice to the opposing party by virtue of allowing the amendment. Daves v. Payless Cashways, Inc., 661 F.2d 1022, 1024 (5th Cir. 1981).

    1.    **John Doe defendants.**

In this action, plaintiff is suing Patsy Perez, the District Clerk of Nueces County, and Cathy Pope Clark, an assistant attorney general in the child support division, alleging that both defendants failed to apprise him of the status of a paternity suit, despite his repeated inquiries. He

now seeks leave to name two John Doe defendants, complaining that they hindered his ability to prosecute this case.

In particular, plaintiff alleges that on April 1, 2005, he sent a request to the Huntsville prison library to shepardize two cases. He claims that the information he received back from the Huntsville library was incomplete. Plaintiff sent a second request to Huntsville. A law library assistant, Officer Sebastian Iglesia, told plaintiff that his second request was denied as a duplicate request. Plaintiff also requested a copy of the Texas Family Code, but the copy that he received did not include a pocket part update. Plaintiff claims that John Doe 1 at the Huntsville library and John Doe 2 at the Smith Unit library are conspiring to deny him access to the courts. He claims that this denial is in retaliation for his filing this lawsuit.

Plaintiff did not complain about the actions of John Doe 1 or John Doe 2 in his original complaint. See (D.E. 1). Because these individuals were not named as defendants, it is unlikely that they would have been motivated to retaliate against plaintiff due to his filing a lawsuit that did not concern or involve them. See Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995) (to state a claim of retaliation, the inmate must produce "direct evidence of motivation or, the more probable scenario, 'allege a chronology of events from which retaliation may plausibly be inferred.'"). Plaintiff fails to explain how his filing of a lawsuit against Patsy Perez or Cathy Pope Clark would cause John Doe 1 or John Doe 2 to retaliate against him.

Moreover, the substance of plaintiff's complaint, that the John Doe defendants failed to shepardize two cases properly or to provide him with an updated pocket part for the Texas Family Code, fails to state a constitutional violation. Plaintiff does not suggest that he has been prejudiced in any litigation as a result of the actions of the John Doe defendants, and as such, fails to state a claim for denial of access to the courts. See Chriceol v. Phillips, 169 F.3d 313, 317 (5th Cir.

1999) (prisoner claiming denial of access to courts must demonstrate actual injury).  At best, plaintiff is alleging claims of negligence against the John Doe defendants, and such claims are not actionable under § 1983.  See Norton v. Dimazana, 122 F.3d 286, 291 (5th Cir. 1997) (mere negligence fails to state a constitutional violation).

Plaintiff's allegations against the John Doe defendants fail to state a constitutional issue. As such, it would be futile to grant plaintiff leave to amend his complaint to name these defendants. Therefore, plaintiff's motion for leave to add the John Doe defendants, (D.E. 18), is DENIED.

**2.     Patsy Perez.**

Plaintiff also seeks leave to sue Patsy Perez in her official capacity for injunctive relief. (D.E. 28).

It is well settled that a plaintiff cannot obtain damages or injunctive relief from a policy-maker or supervisor solely on a theory of *respondeat superior*.  Beattie v. Madison County School Dist., 254 F.3d 595, 600 n.2 (5th Cir. 1983) (citing Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 690 (1978)).  "[S]upervisory officials are not liable for the actions of subordinates on any theory of vicarious liability."  Thompson v. Upshur County, 245 F.3d 447, 459 (5th Cir. 2001) (quoting Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987)).  "[Section] 1983 does not give a cause of action based on the conduct of subordinates.  Personal involvement is an essential element of a civil rights cause of action."  Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983) (citations omitted).  A supervisor who is not personally involved is liable under the theory of "supervisory liability" only if he has implemented "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation."  Thompkins, 828 F.2d at 304.  "Supervisory officials may be held liable only if: (i)

they affirmatively participate in acts that cause constitutional deprivation; or (ii) implement unconstitutional policies that causally result in plaintiff's injuries." Mouille v. City of Live Oak, Tex., 977 F.2d 924, 929 (5th Cir. 1992).

A district court may deny a motion to amend if it concludes that the proposed amendment would be futile. Stripling v. Jordan Prod. Co., 234 F.3d 863, 872-73 (5th Cir. 2000). The Fifth Circuit has defined "futility" to mean that "the amended complaint would fail to state a claim upon which relief could be granted." Id. Plaintiff fails to allege any personal involvement by Patsy Perez or suggest that she implemented unconstitutional policies. As such, the proposed amendment would be futile. Plaintiff's motion for leave to amend to name Ms. Perez in her official capacity (D.E. 28) is DENIED.

## II. Conclusion

Plaintiff's motions for leave to amend his complaint (D.E. 18, 28) are denied.

ORDERED this 12th day of July 2005.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE