IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GEORGE L. ROSAS | § | |
|    TDCJ-CID #711998 | § | |
| V. | § | C.A. NO. C-05-102 |
| | § | |
| PATSY PEREZ, ET AL. | § | |

**MEMORANDUM AND RECOMMENDATION
ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

Pending is plaintiff's motion for default judgment against defendant Patsy Perez. (D.E. 25). For the reasons stated herein, it is respectfully recommended that plaintiff's motion be denied.

## I. JURISDICTION

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.

## II. BACKGROUND

Plaintiff filed suit on February 25, 2005, claiming that Patsy Perez, the District Clerk for Nueces County, and Cathy Pope Clark, an assistant attorney general in the child support division, violated his due process rights and right of access to the courts when they failed to advise him of the status of two pending actions concerning his parental rights. In particular, he claims that on March 15, 2000, while he was incarcerated at the Smith Unit, he was served with a petition to establish his paternity in Cause No. 00-1197-G. Plaintiff filed an answer admitting

that he was the father of the child at issue. He claims that a hearing was set for April 28, 2000; however, he was never advised of the outcome of the hearing, nor did he receive any acknowledgment that his answer had been received. On June 2, 2000, plaintiff submitted to DNA testing, and the results confirmed that plaintiff was the father of the child. Thereafter, he received notice that the paternity action was scheduled for a pretrial hearing on July 26, 2000. Plaintiff was never advised of the outcome of that hearing.

  Plaintiff claims that he did not hear about the paternity case again until June 8, 2004, when he was served with a second petition to establish parent-child relationship under a different cause number, Cause No. 04-2717-H. Plaintiff filed an answer in that case, and also a request for discovery and a petition for alternative dispute resolution. He complains that defendant Perez failed to notify plaintiff that his pleadings had been received. Plaintiff, however, did receive two hearing notices: one set for July 12, 2004 and one set for July 21, 2004. On July 23, 2004, plaintiff filed a motion to dismiss, and sent a copy to defendant Clark. Plaintiff complains that defendant Perez failed to notify plaintiff that his motion to dismiss had been received and filed. On December 13, 2004, plaintiff wrote to both Ms. Perez and Ms. Clark asking for any information about Cause No. 00-1197-G and Cause No.04-2717-H. He claims that to date, he has still not received any

information from either defendant.

On April 29, 2005, service was ordered on Perez and Clark in this present action. (D.E. 13, 14). Despite the fact that service on Patsy Perez was ordered correctly on the Nueces County attorney, (see D.E. 13), an error was made and summons for Ms. Perez was sent to the attorney general. A corrected summons was served on Ms. Perez on June 29, 2005. (D.E. 28).

### III.  DISCUSSION

Plaintiff filed his motion for default judgment on June 23, 2005, arguing that he was entitled to judgment against Perez because she had failed to file an answer. (D.E. 25). However, as noted above, the original summons for Perez was incorrect, and Perez was not served properly until June 29, 2005. Pursuant to the Order for Service of Process, Perez has 30 days from the date on the certificate of service, that is until July 29, to file her answer. Moreover, despite the service error, on June 27, 2005, defendant Perez, through the Nueces County Attorney's Office, did file an appearance in response to the incorrect summons. See (D.E. 26). Thus, Ms. Perez has not defaulted.

## IV. **RECOMMENDATION**

It is respectfully recommended that plaintiff's motion for default, (D.E. 25), be DENIED.

Respectfully submitted this 12th day of July 2005.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C), and Article IV, General Order No. 2001-6, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).