IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GEORGE L. ROSAS<br>    TDCJ-CID #711998 | §<br>§ | |
| V. | § | C.A. NO. C-05-102 |
| | § | |
| PATSY PEREZ, ET AL. | § | |

**ORDER DENYING PLAINTIFF'S
MOTION TO AMEND COMPLAINT**

    This is a civil rights action filed by a Texas state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff seeks leave to amend his complaint, (D.E. 34), to add claims of conspiracy and due process violations against three new defendants: Lorena Covarrubias; Claudia LNU; and J.U. Wilburn. Each new defendant is alleged to have worked as a deputy clerk in the Nueces County District Clerk's Office.

**I.    A Motion For Leave To Amend A Complaint.**

    Rule 15(a) of the Federal Rules of Civil Procedure mandates that leave to amend "be freely given when justice so requires." Determining when justice requires permission to amend rests within the discretion of the trial court. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971); Nilsen v. City of Moss Point, Miss., 621 F.2d 117, 122 (5th Cir. 1980). In exercising its discretion in considering a motion to amend a complaint, the district court may consider, among other factors, undue delay, dilatory motive on the part of the movant, and undue

prejudice to the opposing party by virtue of allowing the amendment. Daves v. Payless Cashways, Inc., 661 F.2d 1022, 1024 (5th Cir. 1981).

## II.     Analysis Of Plaintiff's Motion For Leave To Amend.

Plaintiff alleges that the deputy clerk defendants received and file-stamped his pleadings in a paternity action, but that they failed to respond to his inquires about the status of the case in violation of his due process rights.

District clerks and court coordinators enjoy quasi-judicial immunity. Mylett v. Mullican, 992 F.2d 1347, 1352-53 (5th Cir. 1993). Court clerks have "absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's discretion." Clay v. Allen, 242 F.3d 679, 682 (5th Cir. 2001). To the extent plaintiff claims that the deputy clerk defendants violated his due process rights by failing to perform some aspect of their jobs, they are immune from suit.

As to plaintiff's conspiracy claims, plaintiff offers no facts, but only his personal belief, that a conspiracy exists. Conclusory allegations without factual support fail to raise a cognizable claim. McAfee v. 5th Circuit Judges, 884 F.2d 221 (5th Cir. 1989) (conclusory allegations lacking reference to material facts are not sufficient to state a claim of conspiracy under section 1983).

Finally, plaintiff fails to state a constitutional violation against the deputy

clerk defendants.  Although he claims that he was not provided with information regarding the paternity action, he does not suggest that he was prejudiced in that litigation as a result of the actions of the deputy clerk defendants.  As such, he fails to state a claim for denial of access to the courts.  See Chriceol v. Phillips, 169 F.3d 313, 317 (5th Cir. 1999) (prisoner claiming denial of access to courts must demonstrate actual injury).  At best, plaintiff is alleging claims of negligence against the deputy clerk defendants, and such claims are not actionable under § 1983.  See Norton v. Dimazana, 122 F.3d 286, 291 (5th Cir. 1997) (mere negligence fails to state a constitutional violation).

Plaintiff's allegations against the deputy clerk defendants fail to state a constitutional issue.  As such, it would be futile to grant plaintiff leave to amend his complaint to name these defendants.  Therefore, plaintiff's motion for leave to add the deputy clerk defendants, (D.E. 34), is DENIED.

ORDERED this 11th day of August 2005.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE