IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GEORGE L. ROSAS § | | |
|     TDCJ-CID #711998 § | | |
| V. § | | C.A. NO. C-05-102 |
| § | | |
| PATSY PEREZ, ET AL. § | | |

**MEMORANDUM AND RECOMMENDATION**
**ON DEFENDANT CLARK'S MOTION TO DISMISS**

Pending is defendant Cathy Pope Clark's motion to dismiss plaintiff's § 1983 claims against her. (D.E. 15). Plaintiff has filed a response in opposition, (D.E. 20, 22) to which Ms. Clark has filed a reply. (D.E. 22). Plaintiff has filed a response to Ms. Clark's reply. (D. E. 24). For the reasons stated herein, it is respectfully recommended that Ms. Clark's motion be granted and plaintiff's claims against this defendant be dismissed.

**I. JURISDICTION**

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.

**II. BACKGROUND**

Plaintiff is an inmate in the Texas Department of Criminal Justice, Criminal Institutions Division ("TDCJ-CID"), and at all times relevant to his complaint, was incarcerated at the Smith Unit in Lamesa, Texas. (D.E. 1, ¶ 2).

On March 15, 2000, plaintiff was served with a petition to establish his

paternity in Cause No. 00-1197-G. (D.E. 1 at ¶ 5). On March 23, 2000, plaintiff filed an answer admitting that he was the father of the child at issue. (D.E. 1 at ¶ 8). A hearing was scheduled in the paternity suit on April 28, 2000; however, plaintiff was never advised of the outcome of the hearing, nor did he receive any acknowledgment that his answer had been received. (D.E. 1 at ¶¶ 9, 10).

On June 2, 2000, plaintiff submitted to DNA testing, and the results confirmed that plaintiff was the father of the child. (D.E. 1 at ¶ 11). Thereafter, plaintiff received notice that the paternity action was scheduled for a pretrial hearing on July 26, 2000. (D.E. 1 at ¶ 12). Plaintiff was never advised of the outcome of that hearing. (D.E. 1 at ¶ 13).

Plaintiff did not hear about the paternity case again until June 8, 2004, when he was served with a second petition to establish parent-child relationship under a different cause number, Cause No. 04-2717-H. (D.E. 1 at ¶¶ 7, 14). Plaintiff filed an answer in that case as well as a request for discovery and a petition for alternative dispute resolution. (D.E. 1 at ¶ 15). Plaintiff did not receive any acknowledgment from the Nueces County Clerk's Office that his pleadings had been received or filed. (D.E. 1 at ¶ 16).

On July 12, 2004, plaintiff received a notice for a negotiation conference scheduled for that same day. (D.E. 1 at ¶ 17). On July 16, 2004, plaintiff received notice of a hearing scheduled for July 21, 2004. (D.E. 1 at ¶ 18).

On July 23, 2004, plaintiff filed a motion to dismiss, and sent a copy to defendant Clark. (D.E. 1 at ¶ 19). Plaintiff did not receive an acknowledgment from the Nueces County Clerk's office that his motion to dismiss had been filed. (D.E. 1 at ¶ 20).

On December 13, 2004, plaintiff wrote to both Patsy Perez, as the Clerk of Nueces County,  and to Cathy Pope Clark, as the attorney for the State of Texas, asking for any information about Cause No. 00-1197-G and Cause No.04-2717-H. (D.E. 1 at ¶ 21). Plaintiff did not receive any information about the paternity cases from either defendant. (D.E. 1 at ¶ 22).

On February 25, 2005, plaintiff filed this civil rights action claiming that Patsy Perez and Cathy Pope Clark had violated his due process rights and right of access to the courts when they failed to advise him of  the status of the paternity action. (D.E. 1). Plaintiff purports to sue each defendant in her *individual capacity.* (D.E. 1 at ¶¶ 3, 4).  For relief, plaintiff seeks a declaration finding that both defendants conspired to violate his due process rights and that defendant Perez did, in fact, violate his due process rights. (D.E. 1 at ¶ A). He also seeks an injunction requiring Ms. Perez to inform him of the status of the paternity suits. (D.E. 1 at ¶ B). Finally, he seeks compensatory and punitive damages in an unspecified amount. (D.E. 1 at ¶¶ C, D).

### III.  MOTION TO DISMISS

Ms. Clark moves to dismiss plaintiff's claims on the grounds of Eleventh Amendment immunity and for failure to state a claim.  Fed. R. Civ. P. 12(b)(1-6).  Ms. Clark argues that, despite his representations, plaintiff is suing her in her *official capacity* as an assistant attorney general for the State of Texas, and that those claims are barred by the Eleventh Amendment.  Ms. Clark argues further that, to the extent plaintiff is attempting to sue her in her individual capacity, he fails to state a claim upon which relief can be granted.

### IV.  STANDARD OF REVIEW

Rule 12(b)(1) authorizes dismissal of an action where there is no case or controversy presented such that the court lacks subject matter jurisdiction.  Xerox Corp. v. Genmoora Corp., 888 F.2d 345, 350-51 (5th Cir. 1989).  A Rule 12(b)(1) motion may be decided on the complaint alone, the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.  Barrera v. Montegro v. United States, 74 F.3d 657, 659 (5th Cir. 1996).  The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting subject matter jurisdiction.  Saint Paul Reinsurance Co. v. Greenberg, 134 F.3d 1250, 1253 (5th Cir. 1998).

If the case survives a Rule 12(b)(1) facial attack, the lack of a cause of action should be dealt with under Rule 12(b)(6).  Xerox, 888 F.2d at 350-51.

## V.  **DISCUSSION**

A.    **Eleventh Amendment immunity.**

The Eleventh Amendment bars a suit for monetary damages against a state or state agency.  Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 116 S. Ct. 1114 (1996). Suits against state employees in their official capacities are treated as suits against the state and are subject to the immunities possessed by the governmental entity. O'Neal v. Mississippi Bd. of Nursing, 113 F.3d 62, 64 n.1 (5th Cir. 1997).  As such, any claim for money damages against defendant Clark in her official capacity is barred by the Eleventh Amendment.[1]  See Hafer v. Melo, 502 U.S. 21, 25 (1991); Washington Legal Found. v. Texas Equal Access to Justice Found., 94 F.3d 996, 1005 (5th Cir. 1997) (suit for reimbursement against chairman of state agency in official capacity is barred by Eleventh Amendment).

There is no allegation here that the State of Texas has waived its immunity. See Aguilar v. Texas Dep't of Criminal Justice, 160 F.3d 1052, 1054 (5th Cir. 1998) (noting that the State of Texas and its instrumentalities enjoy Eleventh Amendment immunity).  Moreover, section 101.057 of the Texas Civil Practice and Remedies Code expressly provides that Texas has not waived immunity to claims arising out of intentional torts, such as those alleged by plaintiff.  See Tex. Crim. Prac. & Rem.

---

[1] The Eleventh Amendment does not bar a plaintiff's request for injunctive relief against state officials on the basis of federal claims.  Green v. Mansour, 474 U.S. 64, 68, (1985); Edelman v. Jordan, 415 U.S. 651, 666-68 (1974); Ex parte Young, 209 U.S. 123, 149 (1908). Plaintiff has not sought injunctive relief against defendant Clark.

Code Ann. § 101.057 (Vernon 2005). Therefore, plaintiff's claims for monetary damages against defendant Clark in her official capacity are barred by the Eleventh Amendment. Accordingly, it is recommended that defendant Clark's motion to dismiss plaintiff's claims against her in her official capacity be granted for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1).

**B.     Failure to state a claim.**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or federal law and must show that the deprivation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995). The Court may dismiss for failure to state a claim when it is clear that the inmate can prove no set of facts in support of his claim entitling him to relief. Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002). The Court must construe the complaint in favor of the prisoner and assume the truth of all pleaded facts. Id. For suits against individuals in their individual capacities, a plaintiff must allege specific conduct giving rise to the constitutional violation. Id. at 741.

*1.     Plaintiff's Due Process Claim.*

Plaintiff claims that Ms. Clark denied him due process by failing to apprise him of the status of one of his paternity cases, Cause No. 04-2717-H. Defendant Clark argues that this allegation fails to state a claim because the interest to be

protected has not been identified.

The right to notice and a hearing in and of itself is not a property interest under the Fourteenth Amendment; notice and a hearing are merely the process used to protect a life, liberty, or property interest.  See, e.g., Moore v. Mississippi Valley State Univ., 871 F.2d 545 (5th Cir. 1989).  The "threshold requirement" of a due process claim is that the plaintiff first identify the liberty or property interest alleged to have been deprived.  Hughes v. City of Garland, 204 F.3d 223, 225 (5th Cir. 2000).  In his summary judgment response, (D.E. 20, 21), plaintiff states that he has a substantial interest in his child, thus entitling him to due process protections.

It is undisputed that parents have a protected liberty interest in their children.  See, e.g., Troxel v. Granville, 530 U.S. 57, 61 (2000) (interest of parents in the care, custody, and control of their children is perhaps the oldest of the fundamental liberty interests); M.L.B. v. S.L.J., 519 U.S. 102, 103 (1996) (interest of parents in their relationship with their children is sufficiently fundamental to come within the finite class of liberty interests protected by the Fourteenth Amendment); Barrow v. Greenville Indep. Sch. Dist., 332 F.3d 844, 847 n.7 (5th Cir. 2003) (parents have a protected liberty interest in the upbringing of their children under the Due Process Clause).  Plaintiff has established a protected liberty interest entitling him to due process.

Defendant Clark argues that she did not participate in the deprivation of any

due process rights owed to plaintiff, nor did she owe plaintiff a duty.

To state a cause of action pursuant to § 1983, plaintiff must identify defendants who were either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged. Woods v. Edwards, 51 F.3d 577, 583 (5th Cir. 1995); Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983). In this case, defendant Clark was representing the State of Texas in a paternity action against plaintiff. Other than following the Texas Rules of Civil Procedure and guidelines set forth in the Family Code, Ms. Clark had no obligation to notify plaintiff of the status of his pending case. Moreover, even if she had such a duty and failed to perform it, plaintiff would fail to raise a constitutional issue because a state actor's failure to follow its agencies rules and regulations fails to raise a constitutional claim. See, e.g., Myers v. Klevenhagen, 97 F.3d 91, 94 (5th Cir. 1996) (TDCJ-CID's failure to follow its own administrative rules and regulations does not raise federal constitutional issues as long as minimal constitutional requirements are met); Hernandez v. Estelle, 788 F.2d 1154, 1158 (5th Cir. 1986) (failure of prison officials to follow their own rules does not establish a constitutional violation).

Moreover, it appears that plaintiff did receive all the due process protections to which he was entitled. Plaintiff admits that he received notice of Cause. No. 04-2717-H and that he filed an answer admitting his paternity. See (D.E. 1 at

¶ 15); (D.E. 15, Ex. A) (copy of plaintiff's answer filed in Cause No. 04-2717-H). He also received notice of the July 21, 2004 hearing. (D.E. 1 at ¶ 18). At that hearing, the state court entered an order establishing plaintiff's paternity based on his admission. See (D.E. 15, Ex. B) (copy of Order Establishing the Parent-Child Relationship). Plaintiff had notice and an opportunity to be heard. In addition, the issue of conservatorship was dismissed by the state court. Id. Thus, plaintiff's interest was neither addressed not adjudicated.

### 2. *Plaintiff's Conspiracy Claim.*

Plaintiff claims that defendant Clark conspired with defendant Perez to deny him due process. To allege a claim of conspiracy to deprive a plaintiff of his constitutional rights, a plaintiff must allege: (1) a conspiracy involving two or more persons; (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws; and (3) an act in furtherance of the conspiracy; (4) which causes injury to a person or property, or deprivation of any right or privilege of a citizen of the United States. Hilliard v. Ferguson, 30 F.3d 649 (5th Cir. 1994). A plaintiff's mere personal belief that there is a conspiracy fails to state a claim. McAfee v. 5th Circuit Judges, 884 F.2d 221 (5th Cir. 1989), (conclusory allegations lacking reference to material facts are not sufficient to state a claim of conspiracy under section 1983). Plaintiff has failed to offer any facts to suggest a conspiracy between the two defendants.

## VI. **RECOMMENDATION**

For the reasons set forth above, it is respectfully recommended that defendant Cathy Pope Clark's motion to dismiss, (D.E. 15), be granted, and that plaintiff's claims against her be dismissed with prejudice.

Respectfully submitted this 11th day of August 2005.

						_____
						BRIAN L. OWSLEY
						UNITED STATES MAGISTRATE JUDGE

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C), and Article IV, General Order No. 2001-6, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).