IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GEORGE L. ROSAS | § | |
|     TDCJ-CID #711998 | § | |
| V. | § | C.A. NO. C-05-102 |
| | § | |
| PATSY PEREZ, ET AL. | § | |

## ORDER DENYING RECONSIDERATION

Pending is plaintiff's motion for reconsideration pursuant to Rule 59(e) of the

Federal Rules of Civil Procedure.  (D.E. 44).  For the reasons stated below, plaintiff's request for

reconsideration is DENIED.

## I.  PROCEDURAL BACKGROUND

Plaintiff filed suit on February 25, 2005, alleging, inter alia, that he was not properly

notified by the county clerk of a pending paternity suit to which plaintiff was a party.

On July 22, 2005, plaintiff filed a motion to amend the complaint, seeking to include three

deputy clerks.  (D.E. 34).  On August 11, 2005, the Court denied the motion to amend.  (D.E. 40).

On August 26, 2005, plaintiff filed a motion for reargument, which sought reconsideration of the

denial of the motion to amend.  (D.E. 44).

## II.  DISCUSSION

Rule 59(e) motions "serve the narrow purpose of allowing a party 'to correct manifest

errors of law or fact or to present newly discovered evidence.'"  Waltman v. International Paper

Co., 875 F.2d 468, 473 (5th Cir. 1989) (citations omitted).  Rule 59(e) cannot be used to introduce

evidence that was available prior to the entry of judgment, nor should it be employed to relitigate

old issues, advance new theories, or secure a rehearing on the merits.  Fontenot v. Mesa Petroleum

Co., 791 F.2d 1207, 1219 (5th Cir. 1986).  To prevail on a Rule 59(e) motion, the moving party

must demonstrate the existence of (1) an intervening change of controlling law; (2) the availability

of new evidence; or (3) the need to correct a clear error or to prevent manifest injustice.  Id.  The

decision to reopen a case is within the sound discretion of the district court.  Lavespere v. Niagara

Mach. & Tool Works, Ins., 910 F.2d 167, 174 (5th Cir. 1990), abrogated on other grounds by

Little v. Liquid Air Corp., 37 F.3d 1069, 1075 n.14 (5th Cir. 1994) (en banc).

Plaintiff argues that his pending motion provides the Court with information that it had

previously overlooked.  (D.E. 44, at 1, 2).  This assertion notwithstanding, plaintiff's allegations

against the deputy clerk defendants still fail to state a constitutional issue.  Accordingly, for the

reasons addressed in the Court's order, (D.E. 40), plaintiff's motion for reconsideration, (D.E.

44), is hereby denied.

ORDERED this 30th day of August 2005.


BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE