IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GEORGE L. ROSAS | § | |
|     TDCJ-CID #711998 | § | |
| V. | § | C.A. NO. C-05-102 |
| | § | |
| PATSY PEREZ, ET AL. | § | |

**MEMORANDUM AND RECOMMENDATION
ON DEFENDANT PEREZ'S MOTION TO DISMISS**

Pending is defendant Patsy Perez' motion to dismiss plaintiff's § 1983 claims against her. (D.E. 43). Plaintiff has filed a response in opposition. (D.E. 49). For the reasons stated herein, it is respectfully recommended that Ms. Perez' motion be granted and plaintiff's claims against this defendant be dismissed.

## I. JURISDICTION

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.

## II. BACKGROUND

Plaintiff is an inmate in the Texas Department of Criminal Justice, Criminal Institutions Division ("TDCJ-CID"), and at all times relevant to his complaint, was incarcerated at the Smith Unit in Lamesa, Texas. (D.E. 11 at ¶ 3).

On March 15, 2000, plaintiff was served with a petition to establish his paternity in Cause No. 00-1197-G. (D.E. 11 at ¶ 6). On March 23, 3000, plaintiff filed an answer admitting that he was the father of the child at issue. (D.E. 11 at

¶ 9). A hearing was scheduled in the paternity suit for April 28, 2000; however, plaintiff was never advised of the outcome of the hearing, nor did he receive any acknowledgment that his answer had been received. (D.E. 11 at ¶¶ 10, 11).

On June 2, 2000, plaintiff submitted to DNA testing, and the results confirmed that plaintiff was the father of the child. (D.E. 11 at ¶ 12). Thereafter, plaintiff received notice that the paternity action was scheduled for a pretrial hearing on July 26, 2000. (D.E. 11 at ¶ 13). Plaintiff was never advised of the outcome of that hearing. (D.E. 11 at ¶ 14).

Plaintiff did not hear about the paternity case again until June 8, 2004, when he was served with a second petition to establish a parent-child relationship under a different cause number, Cause No. 04-2717-H. (D.E. 11 at ¶¶ 8, 15). Plaintiff filed an answer in that case, and also a request for discovery and a petition for alternative dispute resolution. (D.E. 11 at ¶ 16). Plaintiff did not receive any acknowledgment from the Nueces County Clerk's Office that his pleadings had been received or filed. (D.E. 11 at ¶ 17).

On July 12, 2004, plaintiff received a notice for a negotiation conference scheduled for that same day. (D.E. 11 at ¶ 18). On July 16, 2004, plaintiff received notice of a hearing scheduled for July 21, 2004. (D.E. 11 at ¶ 19).

On July 23, 2004, plaintiff filed a motion to dismiss with the Nueces County Clerk's office, however, he never received verification That his motion to dismiss

had been filed. (D.E. 11 at ¶ 20, 21).

On December 13, 2004, plaintiff wrote to Patsy Perez, as the Clerk of Nueces County, and to Cathy Pope Clark,[1] as the attorney for the State of Texas, asking for any information about Cause No. 00-1197-G and Cause No.04-2717-H. (D.E. 11 at ¶ 22). Plaintiff did not receive any information about the paternity cases from either defendant. (D.E. 11 at ¶ 23).

On February 25, 2005, plaintiff filed this civil rights action claiming that Ms. Perez and Ms. Clark had violated his due process rights and right of access to the courts when they failed to advise him of the status of the paternity action. (D.E. 1). In his original and amended complaint, plaintiff purports to sue each defendant in her *individual capacity.* (D.E. 11 at ¶¶ 4, 5). For relief, plaintiff seeks a declaration finding that both defendants conspired to violate his due process rights and that Ms. Perez did in fact violate his due process rights. (D.E. 11 at ¶ A). He also seeks an injunction requiring Ms. Perez to inform him of the status of the paternity suits. (D.E. 11 at ¶ B). Finally, he seeks compensatory and punitive damages in an unspecified amount. (D.E. 11 at ¶¶ C, D).

---

[1] Defendant Cathy Clark previously filed a motion to dismiss. (D.E. 15). By Memorandum and Recommendation entered August 11, 2005, it was respectfully recommended that Ms. Clark's motion to dismiss be granted. (D.E. 42).

## III.  MOTION TO DISMISS

Ms. Perez moves to dismiss plaintiff's claims for lack of subject matter jurisdiction, or in the alternative, for failure to state a claim pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.  (D.E. 43).  She argues that, to the extent plaintiff is suing her in her official capacity, he is suing Nueces County, yet he has failed to allege that any policy or practice of the county is unconstitutional.  She also argues that, to the extent plaintiff is attempting to sue her in her individual capacity, he fails to state a claim upon which relief can be granted.

## IV.  STANDARD OF REVIEW

Rule 12(b)(1) authorizes dismissal of an action where there is no case or controversy presented such that the court lacks subject matter jurisdiction.  Xerox Corp. v. Genmoora Corp., 888 F.2d 345, 350-51 (5th Cir. 1989).  A Rule 12(b)(1) motion may be decided on the complaint alone, the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.  Barrera v. Montegro v. United States, 74 F.3d 657, 659 (5th Cir. 1996).  The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting subject matter jurisdiction.  Saint Paul Reinsurance Co. v. Greenberg, 134 F.3d 1250, 1253 (5th Cir. 1998).

If the case survives a Rule 12(b)(1) facial attack, the lack of a cause of action

should be dealt with under Rule 12(b)(6). Xerox, 888 F.2d at 350-51.

## V. **DISCUSSION**

A. **Municipal liability.**

Plaintiff claims that he is suing Ms. Perez in her individual capacity. However, his allegations of due process violations stem directly from her position as County Clerk and are in her official capacity. Thus, plaintiff's claims against Ms. Perez in her official capacity are essentially claims against Nueces County.

For a municipality to be liable under § 1983, there must be: (1) a policymaker; (2) an official policy; and (3) a violation of constitutional rights whose "moving force" is the policy or custom. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978); Piotrowski v. City of Houston, 237 F.3d 567, 578 (5th Cir. 2001). These three elements "are necessary to distinguish individual violations perpetrated by local government employees from those that can be fairly identified as actions of the government itself." Piotrowski, 237 F.3d at 578. "Consequently, the unconstitutional conduct must be directly attributable to the municipality through some sort of official action or imprimatur; isolated unconstitutional actions by municipal employees will almost never trigger liability." Id. An "official policy" may be either a written policy or "a persistent widespread practice of [municipal] officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that

5

fairly represents municipal policy." Lawson v. Dallas County, 286 F.3d 257, 263 (5th Cir. 2002) (quoting Webster v. City of Houston, 735 F.2d 838, 841 (5th Cir. 1984) (en banc)). There must be a link between the policy and the constitutional violation, and the policy must be maintained with an objective deliberate indifference to a constitutionally protected right. Id.

In the present case, plaintiff has alleged no facts to support holding Nueces County liable. He has failed to demonstrate that the alleged unconstitutional actions by Ms. Perez, failing to confirm receipt of pleadings or to respond to status inquiries, were attributable to an official policy or custom of Nueces County. Accordingly, to the extent plaintiff is suing Ms. Perez in her official capacity, it is respectfully recommended that those claims be dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1).

**B.    Failure to state a claim.**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995). The Court may dismiss for failure to state a claim when it is clear that the inmate can prove no set of facts in support of his claim entitling him to relief. Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002). The Court must construe the complaint in

6

favor of the prisoner and assume the truth of all pleaded facts. Id. For suits against individuals in their individual capacities, a plaintiff must allege specific conduct giving rise to the constitutional violation. Id. at 741.

### 1. *Due process.*

Plaintiff claims that Ms. Perez denied him due process by failing to provide him with information, or send him documentation related to his two paternity actions, in violation of his right to due process under the Fourteenth Amendment.

The right to notice and a hearing in and of itself is not a property interest under the Fourteenth Amendment; notice and a hearing are merely the process used to protect a life, liberty, or property interest. See, e.g., Moore v. Mississippi Valley State Univ., 871 F.2d 545 (5th Cir. 1989). The "threshold requirement" of a due process claim is that the plaintiff first identify the liberty or property interest alleged to have been deprived. Hughes v. City of Garland, 204 F.3d 223, 225 (5th Cir. 2000). In his summary judgment response, (D.E. 49), plaintiff argues that he had a property interest in the paternity actions because the district court ordered him to pay costs and attorney fees.

Property interests can take many forms. Board of Regents v. Roth, 408 U.S. 564, 576 (1972). See, e.g., Barry v. Barchi, 443 U.S. 55 (1979) (license for horse trainer protected); Memphis Light, Gas & Water Division v. Craft, 436 U.S. 1 (1978) (utility service); Dixon v. Love, 431 U.S. 105 (1977) (driver's license); Connell v.

Higginbotham, 403 U.S. 207 (1971) (government employment). Property interests are not created by the constitution, but rather are created and defined by state law. Bishop v. Wood, 426 U.S. 341, 344 (1976). "The hallmark of property ... is an individual entitlement grounded in state law, which cannot be removed except 'for cause.'" Logan v. Zimmerman Brush Co., 455 U.S. 422, 430 (1982).

Plaintiff cites to no authority to establish that he has a protected property interest in court costs and attorney fees accessed against him, and there is authority to the contrary. For example, in Coghlan v. Starkey, 845 F.2d 566 (5th Cir. 1988), the plaintiff claimed she had a property interest in continued water service based in part on past billing errors. Id. at 569-71. The fact that plaintiff claimed she was wrongfully charged a fee did not create a property interest. Id. Thus, plaintiff's allegation that a fee has been accessed against him does not create a property interest. However, parents have a protected liberty interest in their children. See, e.g., Troxel v. Granville, 530 U.S. 57, 61 (2000) (interest of parents in the care, custody, and control of their children is perhaps the oldest of the fundamental liberty interests); M.L.B. v. S.L.J., 519 U.S. 102, 103 (1996) (interest of parents in their relationship with their children is sufficiently fundamental to come within the finite class of liberty interests protected by the Fourteenth Amendment); Barrow v. Greenville Indep. Sch. Dist., 332 F.3d 844, 847 n.7 (5th Cir. 2003) (parents have a protected liberty interest in the upbringing of their children under the Due Process

Clause). Thus, because plaintiff's allegations arise from his interest in his child, he has established a protected liberty interest entitling him to due process.

Plaintiff claims that state district clerks in Texas have an affirmative duty to notify parties or their counsel in writing that "legal papers were received." (D.E. 11, ¶¶ 11, 17, 21, 23 and 24); (D.E. 49). Ms. Perez argues that she did not participate in the deprivation of any due process rights owed to plaintiff, nor did she owe plaintiff such a duty.

To state a cause of action under § 1983, plaintiff must identify defendants who were either personally involved in the constitutional violation, or whose acts are causally connected to the constitutional violation alleged. Woods v. Edwards, 51 F.3d 577, 583 (5th Cir. 1995); Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983). In this case, Ms. Perez is the supervisor of the district clerks employed by Nueces County. Plaintiff offers no evidence to demonstrate that Ms. Perez herself received his legal correspondence and then failed to respond to his inquiries.

Moreover, even if plaintiff could establish that defendant Perez personally handled his legal mail in both paternity actions, he fails to identify any Texas Rule of Civil Procedure, state statute, or case law that imposes an affirmative duty to notify parties or their counsel in writing as to the outcome of court proceedings. Further, even if such a state rule did exist, defendant Perez' violation of that rule does not give rise to a federal constitutional claim. See, e.g., Myers v.

Klevenhagen, 97 F.3d 91, 94 (5th Cir. 1996) (TDCJ-CID's failure to follow its own administrative rules and regulations does not raise federal constitutional issues as long as minimal constitutional requirements are met); Giovanni v. Lynn, 48 F.3d 908, 912 (5th Cir. 1995) (mere failure to accord procedural protection called for by state law or regulation does not of itself amount to a denial of due process); Murphy v. Collins, 26 F.3d 541, 543 (5th Cir. 1994) (state's failure to follow its own procedural regulations does not constitute a violation of due process if constitutional minima are met); Brinson v. McKeeman, 992 F. Supp. 897, 909 (W.D. Tex. 1997) (plaintiff failed to state a § 1983 cause of action when he claimed defendants failed to investigate his grievance against clerk of the court).

Finally, it appears that plaintiff did receive all the due process protections to which he was entitled. Plaintiff admits that he received notice of Cause. No. 04-2717-H and that he filed an answer admitting his paternity. See (D.E. 11 at ¶ 16); (D.E. 15, Ex. A) (copy of plaintiff's answer filed in Cause No. 04-2717-H). He also received notice of the July 21, 2004 hearing. (D.E. 11 at ¶ 19). At that hearing, the state court entered an order establishing plaintiff's paternity based on his admission. See (D.E. 15, Ex. B) (copy of Order Establishing the Parent-Child Relationship). Plaintiff had notice and an opportunity to be heard. In addition, the issue of conservatorship was dismissed by the state court. Id. Thus, plaintiff's interest was neither addressed not adjudicated.

## 2. *Conspiracy.*

Plaintiff claims that Ms. Perez conspired with defendant Ms. Clark to deny him due process. To allege a claim of conspiracy to deprive a plaintiff of his constitutional rights, a plaintiff must allege: (1) a conspiracy involving two or more persons; (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws; and (3) an act in furtherance of the conspiracy; (4) which causes injury to a person or property, or deprivation of any right or privilege of a citizen of the United States. Hilliard v. Ferguson, 30 F.3d 649 (5th Cir. 1994). A plaintiff's mere personal belief that there is a conspiracy fails to state a claim. McAfee v. 5th Circuit Judges, 884 F.2d 221 (5th Cir. 1989) (conclusory allegations lacking reference to material facts are not sufficient to state a claim of conspiracy under section 1983).

Plaintiff has failed to offer any facts to suggest a conspiracy between the two defendants.

## VI. **RECOMMENDATION**

For the reasons set forth above, it is respectfully recommended that defendant Patsy Perez' motion to dismiss, (D.E. 43), be granted, and that plaintiff's claims against her be dismissed with prejudice.

Respectfully submitted this 21st day of September 2005.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C), and Article IV, General Order No. 2001-6, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).