IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GEORGE L. ROSAS | § | |
|     TDCJ-CID #711998 | § | |
| V. | § | C.A. NO. C-05-102 |
| | § | |
| PATSY PEREZ, ET AL. | § | |

## ORDER ON PLAINTIFF'S MOTION TO RECONSIDER

Pending is plaintiff's motion to reconsider the previous denial of his request for a continuance and/or to amend his original complaint. (D.E. 62). For the reasons stated herein, plaintiff's motion is denied.

### I. Procedural Background

Plaintiff filed this civil rights complaint on February 25, 2005, complaining that Patsy Perez, the District Clerk for Nueces County, and Cathy Pope Clark, an Assistant Attorney General with the Texas Child Support Division, violated his constitutional rights when they failed to keep him apprised of the status of a paternity action or respond to his inquiries.

On April 27, 2005, plaintiff sought leave to file an amended complaint (D.E. 10), and on May 2, 2005, he was granted leave to do so (D.E. 12).

On June 8, 2005, plaintiff sought leave to supplement his complaint (D.E. 18). That motion was denied (D.E. 30). On July 22, 2005, plaintiff sought leave to amend his complaint to allege claims against three additional Nueces County clerks (D.E. 34). On August 11, 2005, plaintiff's motion to amend was denied on the grounds that the proposed amendment failed to allege cognizable claims such that amendment would be futile (D.E. 40). Plaintiff sought reconsideration of that order (D.E.44), and it was denied (D.E. 47).

Defendants each moved to dismiss plaintiff's claims. See D.E. 15, 43. In turn, plaintiff moved for a continuance to conduct discovery, arguing that a genuine issue of a material fact existed.

(D.E. 55). On September 18, 2005, plaintiff's motion for continuance was denied (D.E. 56). On November 3, 2005, the Court granted defendants' motions to dismiss and entered final judgment in defendants' favor and dismissed plaintiff's claims. (D.E. 57, 58, 59, 60). Plaintiff has appealed the dismissal of his claims against Ms. Perez and Ms. Clark. (D.E. 64).

## II. Motion for reconsideration and discussion

In his motion for reconsideration (D.E. 62), plaintiff argues that the Court erred when it denied him the opportunity to amend his complaint or to grant him a continuance because it effectively converted defendants' motions to dismiss into motions for summary judgment, and denied plaintiff the opportunity to conduct adequate discovery.

Plaintiff's arguments are without merit. As discussed in previous orders, plaintiff's proposed amended complaint failed to state cognizable claims and was properly denied. As to his request for a continuance, plaintiff failed to establish that additional time would assist him in the prosecution of his claims. Moreover, it was determined that plaintiff had failed to allege cognizable claims against the named defendants for violation of his constitutional rights. Plaintiff had no evidence to suggest that Patsy Perez received his inquires about his paternity suit such that he could not establish personal involvement. As to defendant Clark, plaintiff failed to state a claim against this state employee as she owed no duty to plaintiff to answer his inquiries about the paternity suit, and, even if she did, a breach of that duty would not amount to a constitutional violation.

Rule 59(e) is properly invoked 'to correct manifest errors of law or fact or to present newly discovered evidence.'" In re Transtexas Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002) (quoting Waltman v. Int'l Paper Co., 875 F.2d 468, 473 (5th Cir. 1989)). Plaintiff fails to argue that there was any manifest error of law or fact, nor does he present any new evidence concerning his claims. His claims were adequately addressed and properly dismissed.

2

Accordingly, plaintiff's motion for reconsideration (D.E. 62) is DENIED.

ORDERED this 2nd day of February, 2006.

                                                      Janis Graham Jack
                                                   United States District Judge